IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, § | |
| § | |
| V. § | |
| § | Civil Action No. |
| INFOGLIDE CORPORATION, § | **A05CA189 LY** |
| MICHAEL SHULTZ, § | |
| GERARD VECCHIO, § | |
| MITCH MUMMA, § | |
| GENE LOWENTHAL, § | |
| RANDALL WOLF, § | |
| and GAIL TAYLOR RUSSELL § | |

## COMPLAINT FOR DECLARATORY RELIEF

Pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 2201, Federal Insurance Company ("Federal") files this Complaint for Declaratory Relief against Defendants Infoglide Corporation ("Infoglide"), Michael Shultz ("Shultz"), Gerard Vecchio ("Vecchio"), Mitch Mumma ("Mumma"), Gene Lowenthal ("Lowenthal"), Randall Wolf ("Wolf"), and Gail Taylor Russell ("Russell") (collectively, "Defendants") as follows:

### Brief Statement

1.  This is an insurance coverage dispute. Former directors and officers of Infoglide Software Company ("Infoglide") along with those with significant ownership interests in Infoglide filed suit against Infoglide and its current directors and officers on or about December 22, 2003. The suit is styled Tim Bracken, et. al., v Infoglide Software Company, et. al., Cause No. GN304805, and is pending in the 261st District Court, Travis County, Texas (the "Underlying Lawsuit"). Infoglide and its current officers and directors ("Underlying Lawsuit Defendants") have sought coverage for the Underlying Lawsuit under Federal Policy No. 8181-4980 issued to Infoglide for the policy period of September 21, 2000 to September 21, 2001 (the

COMPLAINT FOR DECLARATORY RELIEF – Page 1

"Policy"). Subject to its various terms and conditions, the Policy provides coverage to past, present, and future directors and officers of Infoglide. However, among other things, the Policy excludes coverage for lawsuits "brought or maintained by or on behalf of any Insured," and lawsuits "brought or maintained by or on behalf of any individual or entity directly or beneficially owning 10% or more of the outstanding securities or voting rights of Infoglide." The Underlying Lawsuit triggers both of these exclusions. Therefore, there is no coverage afforded under the Policy for the Underlying Lawsuit. The Underlying Lawsuit Defendants have recently renewed their claims that they are entitled to coverage under the Policy. Therefore Federal requests a binding determination that insurance coverage for the Underlying Lawsuit is excluded on the basis of these, and possibly other, exclusions.

## Parties

2. Federal is an Indiana corporation with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07960.

3. Infoglide is a Delaware Corporation with its principal place of business in Travis County, Texas. Infoglide may be served with service of process through its registered agent, Peter Michael Shultz, at 6300 Bridge Point Parkway, Suite 200, Austin, Texas 78730-5008.

4. Shultz is an individual resident of the state of Texas who may be served with service of process at 6300 Bridge Point Parkway, Suite 200, Austin, Texas 78730-5008.

5. Vecchio is an individual resident of the state of Connecticut who may be served with service of process at City Place II, 185 Asylum Street, Hartford, Connecticut 06103.

6. Mumma is an individual resident of the state of North Carolina who may be served with service of process at 3211 Shannon Road, Suite 610, Durham, North Carolina 27707.

7.   Lowenthal is an individual resident of the state of Texas who may be served with service of process at 9600 Crumley Ranch Road, Austin, Texas 78736.

8.   Wolf is an individual resident of the state of Connecticut who may be served with service of process at 45 Stanwich Road, Greenwich, Connecticut 06830.

9.   Russell is an individual resident of the state of Texas who may be served with service of process at 6300 Bridge Point Parkway, Suite 200, Austin, Texas 78730-5008.

### Jurisdiction and Venue

10.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. §§ 2201 and 2202. Venue for this action properly lies in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because at least one defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the action occurred within this judicial district.

### Factual Background

11.   Subject to its terms and conditions, the Policy, a true and correct copy of which is attached as Exhibit A, insures all past, present, and future directors or officers of Infoglide from any D&O Claim[1] made during the Policy Period[2] for any Wrongful Acts[3] committed or allegedly

---

[1] "D & O Claim" is defined in the Policy as: "(a) a written demand for monetary damages, (b) a civil proceeding commenced by the service of a complaint or similar pleading, (c) a criminal proceeding commenced by a return of an indictment, or (d) a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document, against an Insured Person for a Wrongful Act." (Policy, p.14).

[2] The **Policy Period** runs from September 21, 2000 to September 21, 2001. The Policy's Declarations provide that it is a claims made Policy, covering only Claims first made against an Insured during the Policy Period. The Claim represented by the Underlying Lawsuit was made during the Policy Period (in the form of certain demand letters and an earlier lawsuit, now dismissed, with allegations mirroring those in the Underlying Lawsuit).

[3] "**Wrongful Act**" is defined in the Policy as: "any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by: (a) ... (b) For purposes of coverage under Insuring Clause 3, D&O Liability Coverage: Any insured person, individually or otherwise, in his or her Insured Capacity, or any matter claimed against him or her solely by reason of serving in such Insured Capacity;" (Policy, p.17).

**COMPLAINT FOR DECLARATORY RELIEF – Page 3**

committed by an Insured Person[4].

12.     The Policy also insures Infoglide for any Insured Organization Claim[5] first made against Infoglide[6] during the Policy Period for any Wrongful Acts[7] committed or attempted, or allegedly committed or attempted by Infoglide.

13.     However, paragraph 13(a) of the Policy, as amended by Endorsement No. 7 (the "Insured v. Insured Exclusion"), states: "[t]he Company shall not be liable ... for Loss[8] on account of any D&O Claim [or] Insured Organization Claim ...: (a) brought or maintained by or on behalf of any Insured[9]...."

14.     Similarly, paragraph 13(d) of the Policy, as amended by Endorsement No. 2 (the "Ownership v. Insured Exclusion"), states:  "[t]he Company shall not be liable for Loss on account of any Claim made against any Insured brought or maintained by or on behalf of any individual or entity directly or beneficially owning 10% or more of the outstanding securities or voting rights of the Insured Organization."

---

[4] "**Insured Person**" is defined in the Policy as: "[f]or purposes of coverage under Insuring Clauses 3 and 4, D&O Liability Coverage and Outside Directorship Liability Coverage, all past, present and future duly elected directors or duly elected or appointed officers of the Insured Organization [Infoglide] in the United States America [sic], or any equivalent executive position under applicable law in any country other than the United States of America." (Policy, pp.15-16). Policy Endorsement No. 7 (at p.14) adds to the definition of Insured Person, for the purposes of Insuring Clause 3, D&O Liability Coverage, and Insuring Clause 5, Insured Organization coverage, "all past, present and future members of the Insured Organization."

[5] "**Insured Organization Claim**" is defined in Policy Endorsement No. 7 as: "(i) a written demand for monetary damages, (ii) a civil proceeding commenced by the service of a complaint or similar pleading ... against an Insured Organization for a Wrongful Act...."

[6] Infoglide is the Insured Organization designated in Item 1 of the Policy's Declarations. The term "**Insured Organization**" is defined in the Policy at page 15, as amended by Policy Endorsement No. 7 at page 14.

[7] Policy Endorsement No. 7 at page 15 provides that, for the purposes of any Insured Organization Claim, a Wrongful Act includes error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted by any Insured Organization for the purposes of coverage under Insuring Clause 5, Insured Organization Coverage.

[8] "Loss," with certain exceptions, is defined in the Policy as: "the total amount covered under the policy which any Insured becomes legally obligated to pay on account of any Claim made against any Insured for Wrongful Acts, including, but not limited to, damages, judgments, settlements, costs and Defense Costs." (Policy, p.16).

[9] "Insured" is defined in the Policy as: "any Insured Organization or any Insured Person." (Policy, p.15). As discussed the plaintiffs in the Underlying Lawsuit "are current shareholders and former officers" of Infoglide, i.e., Insureds.

**COMPLAINT FOR DECLARATORY RELIEF – Page 4**

15. On or about December 22, 2003, the Underlying Lawsuit was filed. A true and correct copy of the latest and current petition in the Underlying Lawsuit (the Third Amended Petition) is attached as Exhibit B.

16. The Underlying Lawsuit states that "Plaintiffs are current shareholders and former officers of Infoglide," and that one plaintiff, Jay Valentine, was the former CEO of Infoglide from 1997 to 2000.

17. The Underlying Lawsuit further states that Defendants are the current officers, directors, and/or shareholders of Infoglide.

18. Finally, upon information and belief, at least some of the named plaintiffs in the Underlying Lawsuit directly or beneficially own 10% or more of the outstanding securities or voting rights of Infoglide.

19. Federal was first notified of the Underlying Lawsuit on January 6, 2004. Federal denied coverage under the Policy on January 19, 2004 on the basis of the "Insured v. Insured" Exclusion.

20. Recently, Defendants advised Federal that in their view, such denial was erroneous. While admitting first one, then two plaintiffs in the Underlying Lawsuit are former officers or directors of Infoglide (David Wheeler and Jay Valentine), Defendants still assert that the claims of other plaintiffs in the Underlying Lawsuit are covered under the Policy. Therefore, a justiciable controversy appropriate for declaratory relief exists for this Court.

### Count One – Declaratory Relief

21. Federal incorporates by reference the factual allegations asserted by it in paragraphs 1 though 20.

22.   Defendants have made a claim to Federal for coverage of the Underlying Lawsuit under the Policy. As set forth above, Federal contends that coverage is excluded on the basis of the "Insured v. Insured" and "Ownership v. Insured" Exclusions contained in the Policy. Accordingly, an actual controversy ripe for determination exists between the parties.

23.   Pursuant to 28 U.S.C. § 2201, Federal seeks a declaration that insurance coverage for the Underlying Lawsuit is excluded under the Policy on the basis of the aforementioned exclusions.

### Prayer

Federal respectfully requests that the Court enter judgment:

A.   Declaring that insurance coverage for the Underlying Lawsuit is excluded under the Policy;

B.   Awarding Federal attorneys' fees and costs; and

C.   Awarding Federal such other and further relief to which it may be entitled.

Respectfully submitted,

**WINSTEAD SECHREST & MINICK P.C.**
1201 Elm Street, Suite 5400
Dallas, Texas 75270
Phone: 214-745-5400
Fax: 214-745-5390

By: _____
Thomas L. Woodman - Bar No. 00783781 21942500
Scott S. Crocker - Bar No. 00790532

ATTORNEYS FOR PLAINTIFF
FEDERAL INSURANCE COMPANY

Dallas_1\4016514\3
20215-128 3/15/2005

**COMPLAINT FOR DECLARATORY RELIEF – Page 6**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## Notice of Document/Attachment(s) Not Imaged but Stored with Document in Case File

### See Original File to View/Copy Document/Attachment(s)

Civil Case No.        1:05CV189-LY

Federal Insurance Company

VS.

Infoglide Corporation, et. al.

Attachments to
Document #:           1

Description:          Attachments to Original Complaint

File Date:            March 16, 2005

Prepared by:          JK

**This sheet to be imaged as the last page.**