IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| FEDERAL INSURANCE COMPANY, | § | |
|---|---|---|
| | § | |
| v. | § | Civil Action No. A05CA189 LY |
| | § | |
| INFOGLIDE CORPORATION, | § | JURY |
| MICHAEL SCHULTZ, | § | |
| GERARD VECCHIO, | § | |
| MITCH MUMMA, | § | |
| GENE LOWENTHAL, | § | |
| RANDALL WOLF, | § | |
| and GAIL TAYLOR RUSSELL | § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY RELIEF AND COUNTER-PLAINTIFFS' ORIGINAL COUNTERCLAIM

Defendants, Infoglide Corporation ("Infoglide"), Michael Schultz ("Schultz"), Gerard Vecchio ("Vecchio"), Mitch Mumma ("Mumma"), Gene Lowenthal ("Lowenthal"), Randall Wolf ("Wolf"), and Gail Taylor Russell ("Russell") (collectively, "Defendants" and "Counter-Plaintiffs") file this original answer to Plaintiffs' Complaint for Declaratory Relief and respond to each numbered paragraph as follows.

### I.

### DEFENDANT'S ORIGINAL ANSWER

#### A. Admissions and Denials

1. As to the allegations in paragraph 1 of Plaintiff's Complaint:

    a. Defendants admit that the Complaint is based on an insurance coverage dispute.

    b. Defendants admit that Jay Valentine, a former officer of Infoglide, and parties with ownership interests in Infoglide, filed suit against Infoglide and certain of its directors and officers on December 22, 2003.



c. Defendants admit that the lawsuit filed on December 22, 2003 (the "Underlying Lawsuit"), is styled *Tom Bracken, et al, v. Infoglide Software Corporation*, et al, Cause No. GN304805, and is pending in the 261st District Court in Travis County, Texas.

d. Defendants admit that the Underlying Lawsuit Defendants timely sought coverage for the Underlying Lawsuit under the Policy and timely tendered the defense of the Underlying Lawsuit to Plaintiff.

e. Defendants admit that the Policy provides coverage to past, present, and future directors and officers of Infoglide, subject to various terms and conditions.

f. Defendants admit that the Policy excludes coverage for lawsuits "brought or maintained by or on behalf of any Insured" and lawsuits "brought or maintained by or on behalf of any individual or entity directly or beneficially owning 10% or more of the outstanding securities or voting rights of the Insured Organization."

g. Defendants deny that the Underlying Lawsuit triggers any exclusion to Plaintiff's obligation to pay defense costs.

h. Defendants deny there is no coverage afforded under the Policy for the Underlying Lawsuit.

i. Defendants deny that Plaintiff is entitled to the relief sought in paragraph 1.

j. Defendants deny that coverage for the Underlying Lawsuit is excluded on the basis of these, and possibly other, exclusions.

k. Defendants deny the remaining allegations in paragraph 1.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5.      Defendants admit that Vecchio is an individual resident of the State of Connecticut but deny the remaining allegations in paragraph 5.

6.      Defendants admit that Mumma is an individual resident of the State of North Carolina but deny the remaining allegations in paragraph 6.

7.      Defendants admit the allegations in paragraph 7 except for the incorrect zip code.

8.      Defendants admit the allegations in paragraph 8.

9.      Defendants admit the allegations in paragraph 9

10.     Defendants admit the allegations in paragraph 10.

11.     Defendants admit the allegations in paragraph 11.

12.     Defendants admit the allegations in paragraph 12.

13.     Defendants deny the allegations in footnote 9 on page 4 of Plaintiff's Complaint consistent with Defendants' responses to paragraph 1 of the Complaint, which are set forth hereinabove. Defendants admit the remaining allegations in paragraph 13.

14.     Defendants admit the allegations in paragraph 14.

15.     Defendants admit the allegations in paragraph 15.

16.     Defendants admit the allegations in paragraph 16.

17.     Defendants admit the allegations in paragraph 17.

18.     Defendants deny that any individual plaintiff in the Underlying Lawsuit directly or beneficially owns 10% or more of the outstanding securities or voting rights of Infoglide. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 18.

19.     Defendants admit the allegations in paragraph 19.

20.     As to the allegations in paragraph 20 of Plaintiff's Complaint:

      a.     Defendants admit that on April 28, 2004, they advised Plaintiff that its denial of coverage was erroneous.

      b.     Defendants admit that Jay Valentine, one of the original plaintiffs in the Underlying Lawsuit, was CEO from 1997 to 2000.

      c.     Defendants admit that David Wheeler was a former officer and director of Infoglide.

      d.     Defendants admit that David Wheeler was added as a plaintiff in the Underlying Lawsuit on or about August 20, 2004.

      e.     Defendants admit that the claims of the plaintiffs in the Underlying Lawsuit are covered under the Policy.

      f.     Defendants admit that this case is a justiciable controversy for which declaratory relief is appropriate.

      g.     Defendants deny the remaining allegations in paragraph 20.

21.    In response to the allegations in paragraph 21, Defendants incorporate their answers set forth in paragraphs 1 through 20 herein.

22.    In response to the allegations in paragraph 22 of Plaintiff's Complaint:

      a.     Defendants admit they have made a claim to Plaintiff for coverage of all Losses, including defense costs, in the Underlying Lawsuit under the Policy.

      b.     Defendants admit that Plaintiff contends that coverage is excluded on the basis of the "Insured v. Insured" and "Ownership v. Insured" Exclusions contained in the Policy. However, Defendants deny the merits of these contentions.

      c.     Defendants admit that an actual controversy exists between the parties that is ripe for determination.

        d.      Defendants deny the remaining allegations in paragraph 22.

23.    Defendants deny that Plaintiff is entitled to the relief sought in paragraph 23.

24.    Defendants deny that Plaintiff is entitled to the relief sought in the Prayer of Plaintiff's Complaint.

## II.

## COUNTERCLAIM

25.    On or about September 21, 2000, Infoglide secured insurance covering certain risks related to the officers and directors of Infoglide from Federal Insurance Company ("Federal"). Specifically, Infoglide purchased for adequate consideration, Policy No. 8181-49-80/002 (the "Policy"), under which Federal contractually agreed to provide director and officer liability coverage. A copy of the policy is attached to Plaintiffs' Complaint for Declaratory Relief as Exhibit "A" and incorporated herein for all purposes.

26.    According to the plain and unambiguous language of the policy, Federal contractually agreed in the event of a claim to provide the defense and indemnity for alleged breaches of duties by the officers and/or directors of Infoglide, as well as other Infoglide employees.

27.    In Cause No. GN304805, the Defendants/Counter-Plaintiffs were sued for breaches of duties relating to officers and directors ("D&O Claims") and one or more of said claims clearly implicated the coverage purchased by Infoglide from Federal. Counter-Plaintiffs' timely tendered defense for the captioned claim; however, Federal has refused and continues to refuse to indemnify or defend Counter-Plaintiffs.

### A. Action for Breach of Insurance Contract

28.  Counter-Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs.

29.  Infoglide and Federal freely entered the Policy, and it is supported by adequate and valid consideration. As such, it constitutes an enforceable contract between the parties.

30.  Under the express terms of the policy, Federal agreed to indemnify and defend Counter-Plaintiffs against the claims made in Cause No. GN304805 and the 261st Judicial District Court of Travis County, Texas. Upon presentation of this claim, Federal refused and continues to refuse to defend or indemnify Counter-Plaintiffs. Federal's actions and omissions are such that they constitute a breach of the insurance contract.

31.  Federal's breach has caused Infoglide and the other Counter-Plaintiffs to incur actual and consequential damages as outlined below.

32.  All conditions precedent to Federals' liability under the policy have occurred.

### B. Action for Breach of Duty of Good Faith and Fair Dealing

33.  Counter-Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs.

34.  Given the existence of the policy, the relationship between Federal, as insurer, and Counter-Plaintiffs, as insureds, is one recognized as giving rise to the duty on the part of Federal to deal fairly and in good faith with Counter-Plaintiffs with respect to the policy.

35.  Federal's conduct as described hereinabove, constitutes a breach of the duty of good faith and fair dealing owed to Counter-Plaintiffs. Specifically, Federal has no basis for denying or delaying to Counter-Plaintiffs coverage or a defense; alternatively, Federal failed to determine

whether there was a reasonable basis for the denial or delay. Federal knew or should have known that no reasonable basis for the denial of a defense or coverage of the claim existed.

36.     Federal's conduct in the breach of its duty of good faith and fair dealing was the proximate cause of actual economic and non-economic damages to Counter-Plaintiffs as set forth below.

37.     Furthermore, because Federal's conduct was so egregious, and committed knowingly, intentionally and through fraud and/or malice, Counter-Plaintiffs are entitled to recover exemplary damages.

### C. Action for Breach of Duty of Ordinary Care

38.     Counter-Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs.

39.     Federal failed to act as a reasonably prudent insurer would have done under the same or similar circumstances as set forth hereinabove.

40.     Federal's conduct constitutes a breach of the duty of ordinary care it owed to Counter-Plaintiffs. The breach was the actual and approximate cause of actual economic and non-economic damages as outlined below.

41.     Furthermore, because Federal's conduct was egregious, and committed intentionally, knowingly and through fraud and/or malice, Counter-Plaintiffs are entitled to recover exemplary damages.

### D. Action for Declaratory Judgment

42.     Counter-Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs.

43.     Counter-Plaintiffs bring this action for declaratory judgment pursuant to the Texas Civil Practice and Remedies Code Section 37.001, *et seq.*

44.     Upon presentation of this claim and Counter-Plaintiffs' request for a defense, Federal refused and continues to refuse to tender a defense to the Claims asserted in Cause No. GN304805. Instead, Federal contends that it owes no duty to defend or indemnify Counter-Plaintiffs.

45.     Counter-Plaintiffs respectfully request that this Court enter a judgment declaring that the policy is binding and fully enforceable, and that Federal owes a duty to investigate the claim and defend Counter-Plaintiffs from and against all claims and causes of action asserted by Plaintiffs in Cause No. GN304805 in the 261st Judicial District Court of Travis County, Texas.

46.     All conditions precedent to Federal's liability under the policy have occurred.

### E. Action for Violation of Article 21.21

47.     Counter-Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs.

48.     As noted above, Federal is engaged in the insurance business as that term is used in Article 21.21, Section 2 (a) of the Texas Insurance Code. Federal is therefore considered a "person" for purposes of liability under Article 21.21 of the Texas Insurance Code ("Article 21.21").

49.     Federal violated Article 21.21 by engaging the following acts and practices which constitute unfair methods of competition and/or unfair or deceptive act or practices in the business of insurance:

    a.     Misrepresenting the terms of policy or benefits offered thereunder.

    b.     Misrepresenting an insurance policy by:

      i.      Making untrue statement of material fact;

      ii.     Failing to state a material fact that is necessary to make other statements made not misleading under the circumstances;

      iii.    Making a statement so as to mislead a reasonably prudent person into a false conclusion of a material fact;

      iv.    Making a material statement of law;

      v.     Failing to disclose any matter required by law to be disclosed.

c.    Misrepresenting to Counter-Plaintiffs a material fact of a policy provision relating to coverage at issue.

d.    Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Counter-Plaintiffs' claim with respect to which the insurer's liability has become reasonably clear.

e.    Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement under one portion of the policy where liability has become reasonably clear, in order to influence settlement of the claim under another policy or portion of the same policy.

f.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

50.    Federal's conduct as outlined above violated Section 17.46 (d) of the Texas Business of Commerce Code by engaging the following acts and practices which are specifically enumerated as unlawful under that provision:

a.    Representing that its or goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or

9

that a person had a sponsorship, approval, status, affiliation, or connection, which it did not;

b. Representing that its policies were of a particular standard, quality, grade, style, or model, when in fact they were of another;

c. Advertising its policies and services with intent not to sell as advertised;

d. Representing that an agreement conferred or involved rights, remedies, or obligations, which it did not have or involve;

e. Failing to disclose information concerning the policy which was known to Federal at the time of the transaction with the intent to induce Infoglide into the transaction into which Infoglide would not have entered had the information been disclosed.

51. Infoglide relied to its detriment upon the foregoing representations made by Federal, resulting in actual damages as outlined below. Infoglide and the other Counter-Plaintiffs are entitled and now sue to recover these damages pursuant to Article 21.21, Section 16(a) of the Texas Insurance Code.

52. Federal engaged in the foregoing conduct intentionally and knowingly and with an actual awareness of the falsity, unfairness and deceptiveness of its acts and omissions. Accordingly, Defendant is deemed to have violated Article 21.21 (knowingly) as that term is used in Article 21.21, Section 16(b)(1).

**F. Violation of Articles 21.55 and 542.060, Texas Insurance Code**

53. Counter-Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs.

10

54. Federal violated Article 21.55(3) for failing to notify Infoglide in writing of the acceptance or rejection of Counter-Plaintiffs' tender of defense not later than the 15th business day after the date Federal received all items, statements and forms reasonably required under the policy.

55. Federal has unreasonably delayed payment for Counter-Plaintiffs' defense beyond sixty (60) days and is, thus, subject to damages and other items as specifically provided in Article 21.55(6) and Article 542.060 which requires the payment, in addition to those expenses specifically covered by the policy, of 18% per annum of the amount of such claims as damages, together with reasonable attorneys' fees and costs of this litigation.

### G. Unconscionable Conduct

56. Counter-Plaintiffs incorporate by reference the factual allegations contained in the preceding paragraphs.

57. Federal's conduct as described above violates the provisions of Article 21.21, Texas Insurance Code and, thus, likewise violates Section 17.50(a)(4) of the Texas Deceptive Trade Practices Act ("DTPA"). The conduct of Federal in connection with the claim at issue is unconscionable as that term is utilized in Section 17.50(a)(3) of the DTPA.

### H. Damages

58. Counter-Plaintiffs incorporate the factual allegations contained in the preceding paragraphs.

59. The conduct of Federal in failing to accept or pay for the defense tendered by Counter-Plaintiffs under the Policy is without any basis or foundation. Federal's conduct in violating the various provisions of the DTPA and the Insurance Code has been knowing and intentional, thus entitling Counter-Plaintiffs to their respective economic damages which are not less that

$750,000.00 plus accrued pre-judgment damages at a rate of 18% per annum. In addition, because such acts on the part of Federal have been knowing and intentional, Counter-Plaintiffs are entitled to additional damages of two times their economic damages, i.e. the minimum of an additional $1,500,000.00, plus accrued pre-judgment interest.

60.     In addition, Counter-Plaintiffs are entitled to the award of all costs of court and litigation expenses, expert witness fees and reasonable and necessary attorney's fees. As a result of Federal's conduct described hereinabove, it has become necessary to retain the undersigned attorneys and have agreed to pay all attorney's fees which are reasonable or necessary to the relief to which Counter-Plaintiffs are entitled, as well as such fees as are reasonable or necessary to the defense of the declaratory judgment claims of Federal. Such attorney's fees, expert witness fees and costs are recoverable under the provisions of the DTPA, Articles 21.21, 21.55 and 542.060 of the Texas Insurance Code, as well as Section 37.001, *et seq.* and/or Section 38.001 *et seq.* of the Texas Civil Practice and Remedies Code.

61.     Because Federal's conduct has been knowing, intentional and malicious, with the intent to injure Counter-Plaintiffs, Counter-Plaintiffs are entitled to recover punitive or exemplary damages to the maximum extent permitted under Texas law.

### I. Prayer

62.     Accordingly, Counter-Plaintiffs respectfully request that Federal take nothing by its claims against Counter-Plaintiffs and that Counter-Plaintiffs have judgment against Federal for:

    a.     Declaration by the court that Federal is obligated to defend Counter-Plaintiffs against the claims asserted in Cause No. GN304805 in the 261st Judicial District Court of Travis County, Texas;

    b.     Actual damages as described above;

c. Additional statutory damages, based upon Texas Insurance Code, Article 21.21, 21.55 and 542.060;

d. Additional damages as provided under the Texas Deceptive Trade Practices Act;

e. Punitive or exemplary damages to the maximum amount permitted under Texas law;

f. Reasonable and necessary attorney's fees;

g. All cost of expert witnesses and the costs of litigation;

h. Pre-judgment damages at the rate of 18% per annum as permitted by Articles 21.55 and 542.060, Texas Insurance Code;

i. Pre-judgment interests as required by Chapter 304, Texas Finance Code or other applicable laws;

j. Post-judgment interest, at the maximum legal rate; and

k. All other relief to which Counter-Plaintiffs may be entitled at law, or in equity.

## III.

## JURY DEMAND

63. Defendants and Counter-Defendants assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## IV.

## PRAYER

For these reasons, Defendants ask the court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and grant such other relief to which they may be entitled.

Further, Counter-Plaintiffs respectfully request that Counter-Plaintiffs have judgment against Federal for:

a. Declaration by the court that Federal is obligated to defend Counter-Plaintiffs against the claims asserted in Cause No. GN304805 in the 261st Judicial District Court of Travis County, Texas;

b. Actual damages as described above;

c. Additional statutory damages, based upon Texas Insurance Code, Article 21.21, 21.55 and 542.060;

d. Additional damages as provided under the Texas Deceptive Trade Practices Act;

e. Punitive or exemplary damages to the maximum amount permitted under Texas law;

f. Reasonable and necessary attorney's fees;

g. All cost of expert witnesses and the costs of litigation;

h. Pre-judgment damages at the rate of 18% per annum as permitted by Articles 21.55 and 542.060, Texas Insurance Code;

i. Pre-judgment interests as required by Chapter 304, Texas Finance Code or other applicable laws;

j. Post-judgment interest, at the maximum legal rate; and

k. All other relief to which Counter-Plaintiffs may be entitled at law, or in equity.

Respectfully submitted,

HERMAN, HOWRY & BREEN, L.L.P.

_____
Timothy J. Herman
State Bar No. 09513700
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 FAX
**ATTORNEYS FOR DEFENDANTS**

15

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on counsel via certified mail, return receipt requested, on June 29, 2005.

Thomas L. Woodman
Scott S. Crocker
Winstead Sechrest & Minick P.C.
1201 Elm Street, Suite 5400
Dallas, Texas 75270

_____
Timothy J. Herman