IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
JAN 1 3 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. A-05-CA-189-LY |
| INFOGLIDE CORPORATION, § MICHAEL SHULTZ, § GERARD VECCHIO, § MITCH MUMMA, § GENE LOWENTHAL, § RANDALL WOLF, § and GAIL TAYLOR RUSSELL, § § Defendants. § | |

### APPENDIX TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING INSURED V. INSURED EXCLUSION

As required by Western District Local Rule CV-7, Plaintiff Federal Insurance Company ("Federal") tenders the following Appendix to Plaintiff's Motion for Summary Judgment Regarding Insured v. Insured Exclusion ("Motion"), consisting of factual material in support of its Motion filed contemporaneously herewith. The following attached materials show the following facts to be undisputed:



Appendix to Plaintiff's Motion for Summary Judgment
Regarding Insured v. Insured Exclusion

Page 1

## I. Appendix Contents

**Tab**   **Description**

A.   October 1, 2001 Valentine Demand Letter.

B.   Plaintiff's Original Petition (Valentine I).

C.   Plaintiff's Notice of Non-Suit of Derivative Claims (Valentine I).

D.   Plaintiff's Notice of Non-Suit Without Prejudice of Defendants Michael Schultz, Gerrard Vecchio, Mitch Mumma, Randall Wolf and David Wheeler (Valentine I).

E.   Plaintiff's Notice of Non-Suit Without Prejudice Against Defendant Gail Taylor Russell (Valentine I).

F.   Settlement Agreement and Release (Valentine I).

G.   Docket Detail for Cause No. GN 104205 (Valentine I).

H.   April 18, 2002 Valentine Demand Letter.

I.   Plaintiffs' Original Petition (Valentine II).

J.   Excerpts from the June 21, 2004 Deposition of Jerry Miller (Valentine II).

K.   Plaintiffs' Second Amended Original Petition (Valentine II).

L.   Plaintiffs' Third Amended Original Petition (Valentine II).

M.   Infoglide Software Corp Employment Chart.

N.   Plaintiff's Answers to Defendant Infoglide Software Corp.'s First Set of Interrogatories to David Miller (Valentine II).

O.   August 30, 2005 Settlement Agreement and Mutual Release (Valentine II).

P.   September 23, 2005 Settlement Agreement and Mutual Release (Valentine II).

Q.   Insurance Policy 8181-49-80.

R.   June 19, 2004 Coverage Denial Letter.

## II. The Underlying Litigation

1. On October 1, 2001, Jay Valentine ("Valentine"), formerly the CEO of Infoglide Corporation ("Infoglide"), sent a demand letter to Infoglide and its Board of Directors raising employment and shareholder claims.[1] When Infoglide did not honor his demands, Valentine filed a civil lawsuit against Infoglide and a number of other parties in the 126th Judicial District Court of Travis County, Texas ("Valentine I").[2] In that lawsuit, Valentine asserted causes of action for negligent misrepresentation and fraud against Infoglide, David Wheeler (who was alleged to be one of Infoglide's founders) and Infoglide's Board of Directors.[3] His petition also alleged claims for breach of contract, wrongful termination, and breach of fiduciary duty.[4] Valentine brought the fiduciary duty claim derivatively, on behalf of Infoglide itself, against the Board of Directors.[5]

2. Valentine voluntarily nonsuited his derivative claims without prejudice in Valentine I on or about January 24, 2002.[6] Valentine also voluntarily dismissed without prejudice his claims against the individual Board members in February 2002.[7]

3. About one month later, on or about March 22, 2002, Valentine and Infoglide settled his employment claims in Valentine I. Valentine agreed to dismiss with prejudice and

---

[1] Tab A; October 1, 2001 Demand Letter.

[2] Tab B; Plaintiff's Original Petition (Valentine I).

[3] Tab B; Plaintiff's Original Petition (Valentine I) at pp. 7, 15-16.

[4] Tab B; Plaintiff's Original Petition (Valentine I) at pp. 6, 13, 17-18.

[5] Tab B; Plaintiff's Original Petition (Valentine I) at pp. 17-18.

[6] Tab C; Plaintiff's Notice of Non-Suit of Derivative Claims (Valentine I).

[7] Tab D; Plaintiff's Notice of Non-Suit Without Prejudice of Defendants Michael Schultz, Gerrard Vecchio, Mitch Mumma, Randall Wolf and David Wheeler (Valentine I); Tab E; Plaintiff's Notice of Non-Suit Without Prejudice Against Defendant Gail Taylor Russell (Valentine I).

release Infoglide and the other parties named in Valentine I from "all claims that he has or ever has had in his individual, personal capacity . . . ."[8] Valentine's derivative claims against Infoglide were specifically not released by this agreement.[9] As shown by the official court docket, the parties filed a Stipulation of Dismissal, after which the trial court entered Judgment effecting the settlement in Valentine I on or about April 8, 2002.[10]

4.  On April 18, 2002 Valentine sent another demand letter to counsel for Infoglide making "final demand on Infoglide prior to refiling his derivative lawsuit."[11] The letter detailed his derivative claims against Infoglide's Board of Directors and management.

5.  More than 18 months later, on December 22, 2003, Valentine and five other individuals filed a new lawsuit against Infoglide, its Board of Directors and others. This action, *Bracken, et al. v. Infoglide Software Corp., et al.*, No. 304805, was filed in the 261st Judicial District Court of Travis County, Texas ("Valentine II").[12] The Original Petition in Valentine II alleged that Plaintiffs "are current shareholders and former officers of Infoglide . . . ."[13] The Petition also alleged that Plaintiffs Bracken, Huff, Miller and Miller

> assisted in the formation and operation of [Infoglide] throughout its incipient years. They invested their time . . . and they invested their money, receiving both common and preferred stock. They agreed to give up control of Infoglide when it was moved from its previous headquarters . . . .[14]

---

[8]  Tab F, Settlement Agreement and Release (Valentine I) at pp. 2-3.

[9]  Tab F, Settlement Agreement and Release (Valentine I) at p. 1.

[10] Tab G, Docket Detail for Cause No. GN 104205 (Valentine I) at pp. 4-5.

[11] Tab H; April 18, 2002 Valentine Demand Letter.

[12] Tab I; Plaintiffs' Original Petition (Valentine II) at p. 1.

[13] Tab I; Plaintiffs' Original Petition (Valentine II) at p. 3.

[14] Tab I; Plaintiffs' Original Petition (Valentine II) at p. 4.

The Petition alleged that "Valentine served as CEO from 1997 to 2000," and it contained factual allegations substantively identical to the derivative claims set for the in Valentine's April 18, 2002 demand letter and plead and dismissed voluntarily without prejudice in Valentine I.[15] It asserted claims for fraud in a stock transaction under § 27.01 of the Texas Business and Commerce Code, breach of fiduciary duty, fraud, fraudulent concealment, negligent misrepresentation, and conspiracy to dilute Plaintiffs' stock.[16] In paragraph X of the Valentine II Petition, the Plaintiffs alleged that they were seeking relief "for themselves and derivatively for [Infoglide]."[17]

6.  Valentine II was filed after Valentine organized and conducted a meeting with David Miller, Jerry Miller, Larry Wheeler, Mike Huff and Tim Bracken in Tulsa, Oklahoma in November of 2002.[18] At the meeting, Valentine apprised the attendees that he thought improprieties had occurred at Infoglide, told them he was going to do something about it, showed them two letters he had previously sent to Infoglide and gave the attendees an opportunity to participate in the lawsuit he planned to bring.[19] Ultimately, all of the attendees except David Wheeler, who joined later, joined Valentine in bringing suit against Infoglide, its Board of Directors and others in Valentine II.[20]

7.  The Plaintiffs filed a Second Amended Petition in Valentine II making identical allegations as to their status and asserting with more particularity that their claims were being

---

[15] Tab I; Plaintiffs' Original Petition (Valentine II) at pp. 4, 3-12.

[16] Tab I; Plaintiffs' Original Petition (Valentine II) at pp. 12-13.

[17] Tab I; Plaintiffs' Original Petition (Valentine II) at p. 14.

[18] Tab J; Excerpts from the June 21, 2004 Deposition of Jerry Miller (Valentine II) at p. 4.

[19] Tab J; Excerpts from the June 21, 2004 Deposition of Jerry Miller (Valentine II) at pp. 5-6.

[20] Tab I; Plaintiffs' Original Petition (Valentine II) at p. 1.

asserted directly and derivatively.[21]  Each Plaintiff also affirmatively averred in the Second Amended Petition that "[p]revious notice of said action was given by Plaintiff Jay Valentine through which all other Plaintiffs incorporate their demands."[22]  They were referring to Valentine's previous shareholder derivative demand letters.  In fact, all of the Plaintiffs in Valentine II incorporated Valentine's April 18, 2002 shareholder derivative demand letter in the Second Amended Original Petition and attached it thereto as Exhibit "A."[23]

8.  In August 2004, the Plaintiffs filed a Third Amended Petition in Valentine II, adding as Plaintiffs, David Wheeler (who was alleged to have been a former Infoglide employee) and several family trusts operated by David Wheeler.[24]  Just like in the preceding two petitions in Valentine II, all Plaintiffs in the Third Amended Petition relied upon Valentine's previous demands upon Infoglide's Board to support their shareholder derivative claims.[25]

9.  During discovery in Valentine II, it was demonstrated that Plaintiffs Bracken, Huff, David Miller and Antonio Signore had also been Infoglide employees at various points during the corporation's history, in addition to being investors and shareholders.[26]  Discovery also demonstrated that Jerry Miller was David Miller's father and was an investor in Infoglide.[27]

---

[21] Tab K; Plaintiffs' Second Amended Original Petition (Valentine II) at pp. 3-18.

[22] Tab K; Plaintiffs' Second Amended Original Petition (Valentine II) at p. 13.

[23] Tab K; Plaintiffs' Second Amended Original Petition (Valentine II) at pp. 16, Exhibit "A".

[24] Tab L; Plaintiffs' Third Amended Original Petition (Valentine II) at pp. 2-3.

[25] Tab L; Plaintiffs' Third Amended Original Petition (Valentine II) at pp. 14, 19.

[26] Tab M; Infoglide Software Corp Employment Chart; Tab N; Plaintiff's Answers to Defendant Infoglide Software Corp.'s First Set of Interrogatories to David Miller (Valentine II) at p. 4.

[27] Tab J; Excerpts from the June 21, 2004 Deposition of Jerry Miller (Valentine II) at p. 9.

10. Ultimately, a settlement was reached in Valentine II and was documented in two settlement agreements dated August 30 and September 23, 2005, both of which show the stock holdings in Infoglide of each Plaintiff.[28]

### III. The Federal Policy

11. At the time Valentine began making demands on Infoglide's Board of Directors in 2001, the company was insured under Federal's policy 8181-49-80 (the "Policy").[29] Subject to its terms and conditions, the Policy provided coverage to Infoglide and its directors and officers for various claims arising out of "Wrongful Acts" as defined in the Policy.

12. Infoglide tendered Valentine's 2001 claims to Federal, which declined to provide coverage on grounds the claims were excluded.[30] When Valentine II was filed, Infoglide again tendered the claims to Federal, which denied them on the same basis.[31]

13. Federal denied Infoglide's tender based, in part, on the Insured v. Insured Exclusion contained in the Policy, which states:

> [Federal] shall not be liable under Insuring Clauses 3, 4, 5, or 6 for Loss on account of any D&O Claim, Insured Organization Claim, Investigation Costs Claim or Shareholder Derivative Demand:
>
> (a)  brought or maintained by or on behalf of any Insured except:
>
> (i)  a Claim that is a derivative action brought or maintained on behalf of an Insured Organization by one or more persons who are not Insured Persons and who bring and maintain such Claim without the

---

[28] Tab O; August 30, 2005 Settlement Agreement and Mutual Release (Valentine II); Tab P; September 23, 2005 Settlement Agreement and Mutual Release (Valentine II).

[29] Tab Q; Insurance Policy 8181-49-80.

[30] Tab R; June 19, 2004 Coverage Denial Letter at p. 3.

[31] Tab R; June 19, 2004 Coverage Denial Letter.

> solicitation, assistance or participation of any Insured . . . .[32]

14. The Policy contains the following definitions applicable to this exclusion:

> **Insured**, either in the single or the plural, means any Insured Organization or any Insured Person.
>
> **Insured Organization** means any organization named in Item 1 of the Declarations . . . .
>
> **Insured Person** means:
>
> * * *
>
> (c)   for purposes of coverage under Insuring Clauses 3 and 4, D&O Liability Coverage and Outside Directorship Liability Coverage, all past, present and future duly elected directors or duly elected or appointed officers of the Insured Organization in the United States of America . . . .[33]

15. Endorsement 7 to the Policy amends the definition of "Insured Person" to include:

> * * *
>
> (c)   for purposes of coverage under Insuring Clauses 3, 4, 5 and 6 [covering a D&O Claim, Insured Organization Claim, Investigation Costs Claim or Shareholder Derivative Demand] all past, present and future members of the Insured Organization.[34]

16. Finally, the Policy only covers "Loss," which is defined as:

> the total amount covered under this policy which any Insured becomes legally obligated to pay on account of any Claim made against any Insured for Wrongful Acts including, but not limited to, damages, judgments, pre and post judgment interest, settlements costs and Defense Costs.[35]

---

[32] Tab Q; Insurance Policy 8181-49-80 at p. 7, as amended by Endorsement 7 at p. 5.

[33] Tab Q; Insurance Policy 8181-49-80 at pp. 15-16.

[34] Tab Q; Insurance Policy 8181-49-80, as amended by Endorsement 7 at p. 14.

[35] Tab Q; Insurance Policy 8181-49-80 at p. 16, as amended by Endorsement 7 at pp. 14-15.

Respectfully submitted,

**WINSTEAD SECHREST & MINICK P.C.**
401 Congress Avenue
Suite 2100
Austin, Texas 78701
Phone: 512.370.2800
Fax: 512.370.2850

By: _/s/ Wayne Bost_
Wayne W. Bost                 SBN 02679775
Brandon Duane Gleason    SBN 24038679

**ATTORNEYS FOR PLAINTIFF,
FEDERAL INSURANCE COMPANY**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was delivered via hand delivery this 13th day of January, 2006, to the attorneys of record at the address listed below:

Timothy J. Herman
Scott DeShazo
Herman, Howry & Breen, L.L.P.
1900 Pearl Street
Austin, Texas 78705-5408
512.474.7300 telephone
512.474.8557 telecopy

_/s/ Wayne Bost_
Wayne W. Bost

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

## NOTICE OF DOCUMENT(S) NOT IMAGED AND CONTAINED IN EXHIBIT FOLDER

Civil Case No.      A-05-CA-189-LY

Federal Ins. Co.

VS.

Infoglide Corp., et al.

Attachments to
Document #:      22

Description:      attachments to appendix ...

Filed By:      pltf

File Date:      1/13/06

_____
DEPUTY CLERK